| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK | **Hearing Date: June 26, 2020**<br>**Hearing Time: 10:00 a.m.** |

------------------------------------------------------------x

In re:                                                                      Chapter 11

        7202, LLC,                                     Case No. 18-46619 (ESS)

                    Debtor.

------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION
OF THE UNITED STATES TRUSTEE TO DISMISS THIS
CHAPTER 11 CASE OR, IN THE ALTERNATIVE,
CONVERT CHAPTER 11 CASE TO CHAPTER 7**

**WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE
FOR REGION 2**
201 Varick Street, Suite 1006
New York, New York 10014
Tel. No. (212) 510-0500
Fax No. (212) 668-2255

Rachel B. Wolf, Esq.
Of Counsel

William K. Harrington, United States Trustee for Region 2 (the "United States Trustee"), respectfully submits this memorandum in support of his motion (the "Motion") for an order, pursuant to 11 U.S.C. § 1112(b), dismissing the chapter 11 case of 7202, LLC (the "Debtor") or, in the alternative, converting the Debtor's chapter 11 case to one under chapter 7.

## I. INTRODUCTION

The Debtor's case should be dismissed because the Debtor has failed to meet its basic obligations as a debtor-in-possession. Currently, the Debtor is pro se and has not filed an application to retain counsel. In addition, the Debtor has failed to maintain appropriate insurance, file monthly operating reports and pay outstanding United States Trustee Quarterly fees, all of which constitute cause for dismissal under sections 1112(b)(4)(C), (F) and (K), respectively. The Debtor does not appear to have any unencumbered assets to be liquidated or any unsecured creditors to benefit from such liquidation, and the Debtor's secured creditors will be able to exercise their state law remedies against the Debtor outside of bankruptcy. The Court should, therefore, dismiss this case.

## II. STATEMENT OF FACTS

**Procedural History**

1. On November 14, 2018 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the assistance of counsel, Petroff Amshen LLP ("Petroff Amshen"). ECF No. 1.

2. The United States Trustee was unable to form an unsecured creditors' committee in the Debtor's case. See Declaration of Rachel B. Wolf in Support of the Motion (the "Wolf Decl."), dated April 29, 2020, ¶ 3.

3.	The United States Trustee has not appointed a trustee, and the Debtor remains in control and possession of its assets as a debtor-in-possession.  See Wolf Decl., ¶ 4.

4.	On May 20, 2019, the Court entered an order permitting Petroff Amshen to withdraw as counsel to the Debtor.  ECF No. 53.  To date, the Debtor has not retained new counsel in its chapter 11 case.  See Wolf Decl., ¶ 5.

**Assets and Liabilities**

5.	The Debtor purports to own real property (the "Property") located at 7202-7212 Fort Hamilton Parkway, Brooklyn, NY 11228.  ECF No. 14, Schedule A/B.  The Debtor scheduled the Property with a value of $1,900,000.00.  Id.; Wolf Decl., ¶ 6.

6.	The Debtor scheduled three secured claims encumbering the Property in the aggregate amount of $4,198,880.08.  ECF No. 14, Schedule D; Wolf Decl., ¶ 7.

7.	The Debtor scheduled personal property with an aggregate value of $700.00, consisting of office furniture and fixtures.  ECF No. 14, Schedule A/B; Wolf Decl., ¶ 8.

8.	The Debtor scheduled two priority claims in unknown amounts and scheduled no general unsecured claims.  ECF No. 14, Schedule E/F; Wolf Decl., ¶ 9.

9.	On January 3, the Court entered an order establishing February 9, 2019 as the last day to file claims in the Debtor's case.  ECF No. 26; Wolf Decl., ¶ 10.

10.	To date, the Claims Register contains five claims against the Debtor in the aggregate amount of $2,247,620.57, including a priority claim filed by the New York City Department of Finance in the amount of $1,480,007.10.  See Claims Register, Claim Nos. 1-5; Wolf Decl., ¶ 11.

**Deficiencies in Debtor's Case**

11. On November 15, 2018, the United States Trustee sent the Debtor through Petroff Amshen a letter (the "November 15th Letter") enclosing a copy of the United States Trustee Operating Guidelines (the "Guidelines"). See Wolf Decl., ¶ 12. The Guidelines outline the requirements for debtors-in-possession, including the obligation to provide proof of insurance and file monthly operating reports. Id.

12. The Debtor appeared at the initial debtor interview, in accordance with section 1116(2) of the Bankruptcy Code held on December 8, 2018 at (the "Initial Debtor Interview") and was reminded of its obligation provide proof of insurance and to file monthly operating reports. See Wolf Decl., ¶ 13.

13. The Debtor appeared at the meeting of creditors pursuant to 11 U.S.C. § 341 (the "Meeting of Creditors") held on February 27, 2019, and was again reminded of the requirements to provide proof of insurance and to file monthly operating reports. See Wolf Decl., ¶ 14.

14. According the United States Trustee's records, the Debtor general commercial property insurance and general liability insurances expired on November 29, 2019. The Debtor has not provided proof of insurance renewal. See Wolf Decl., ¶ 15.

15. To date, the Debtor has not filed monthly operating reports for April 2019, May 2019, June 2019, July 2019, August 2019, September 2019, October 2019, November 2019, December 2019, January 2020, February 2020 and March 2020, which are currently past due. The April 2020 and May 2020 operating reports will become due prior to the return date of this motion. Wolf Decl., ¶ 16. To date, the Debtor owes $1,960.83 in United States Trustee Quarterly fees. Id.

16. Currently, the Debtor is pro se and has not indicated to the United State Trustee that it has obtained or intends to obtain counsel. See Wolf Decl., ¶ 17.

17. To date, the Debtor has not filed a plan of reorganization. Wolf Decl., ¶ 18.

### III. ARGUMENT

**A.  There is Cause to Convert or Dismiss this Case under 11 U.S.C. § 1112(b).**

Section 1112(b) provides, in part, that:

(1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b)(1) (2010).

Section 1112(b)(4) lists provides fifteen examples of cause, including:

> (C)  failure to maintain appropriate insurance that poses a risk to the estate or to the public;
> 
> \*\*\*
> 
> (F)  unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter; [and]
> 
> \*\*\*
> 
> (K)  failure to pay any fees or charges required under chapter 123 of title 28.

11 U.S.C. § 1112(b)(4).

The list of factors is nonexclusive. In re The 1031 Tax Group, LLC, 374 B.R. 78, 93 (Bankr. S.D.N.Y. 2007). See also In re State Street Assoc., L.P., 348 B.R. 627, 639 (Bankr. N.D.N.Y. 2006) (noting in pre-BAPCPA case that amended section 1112(b) contains non-exclusive factors to be considered in determining whether cause exists to convert or dismiss a case). A party need not demonstrate that all the elements of "cause" can be met. See In re TCR of Denver, LLC, 338 B.R. 494, 500 (Bankr. D. Colo. 2006). The bankruptcy court has wide

discretion to determine if cause exists and how to ultimately adjudicate the case. 1031 Tax Group, 374 B.R. at 93; cf. In re C-TC 9th Ave. P'ship, 113 F.3d 1304, 1311 (2d Cir. 1997) (bankruptcy court may dismiss a chapter 11 case based upon a finding that the petition was filed in "bad faith" even without considering factors under section 1112(b)).

### 1. The Debtor Failed to Obtain Counsel

The Debtor, a corporation, filed its case pro se and failed to file an application to retain counsel. See Wolf Decl., ¶¶ 4, 17. "It has been the law for the better half of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993) (citing Osborn v. President of Bank of U.S., 22 U.S. (9 Wheat.) 738, 828-29 (1824)). This rule applies to corporations, partnerships, joint ventures, or other legal entities filing bankruptcy cases under Title 11 of the United States Code. See e.g., Schreibman v. Walter E. Heller & Co. (In re Las Colinas Dev. Corp.), 585 F.2d 7, 13 (1st Cir. 1978) (applying rule to corporate debtor). Thus, the Debtor cannot proceed with its chapter 11 case in bankruptcy court without counsel.

### 2. The Debtor Failed to Provide Proof of Insurance.

The failure to maintain appropriate insurance constitutes cause for the dismissal of the Debtor's case. 11 U.S.C. § 1112(b)(4)(C); Derivium Capital LLC v. U.S. Trustee (In re Derivium Capital LLC), 2006 WL 1317021 (S.D.N.Y. May 12, 2006) (lack of insurance is one factor supporting a court's decision to convert case to chapter 7); In re Daniels, 362 B.R. 428 (Bankr. S.D. Iowa 2007) (attorney's failure to maintain malpractice insurance is cause to convert case to one under chapter 7). According to the records of the United States Trustee, the Debtor's general liability and commercial insurance policies expired on November 29, 2019 and the Debtor failed to provide the United States Trustee with proof of insurance renewal. See Wolf

Decl., ¶ 15.  Therefore, cause exists to dismiss the Debtor's case under 11 U.S.C. § 1112(b)(4)(C).

### 3. The Debtor Has Not Filed Monthly Operating Reports.

Pursuant to E.D.N.Y. LBR 2015-1, the Debtor is required to file monthly operating reports for each and every month that the Debtor is in chapter 11.  See E.D.N.Y. LBR 2015-1.  The reports must be filed no later than the twentieth day of the following month.  Id.  The Debtor's failure to timely file monthly operating reports demonstrates a disregard for its responsibilities as a debtor-in-possession.  See In re Marvel Entertainment, Inc., 140 F.3d 463, 474 (3d Cir. 1998) (debtors have a fiduciary duty of open, honest and straightforward disclosure to the Court and creditors).  The Debtor's failure to fulfill his fiduciary obligations denies creditors access to important financial information regarding the Debtor's financial affairs.  "Timely and accurate financial disclosure is the lifeblood of the Chapter 11 process."  In re Berryhill, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991) (failure to file operating reports constitutes cause for dismissal or conversion of chapter 11 proceeding); see also In re Roma Group, Inc., 165 B.R. 779, 780 (S.D.N.Y. 1994) (citing In re Berryhill); In re Tornheim, 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995) (debtors' failure to file reports for ten months warranted conversion or dismissal).

To date, the Debtor has failed to file monthly operating reports for April 2019, May 2019, June 2019, July 2019, August 2019, September 2019, October 2019, November 2019, December 2019, January 2020, February 2020 and March 2020, which are past due.  Wolf Decl., ¶ 16.  The April 2020 and May 2020 operating reports will be due prior to the return date of this Motion.  Id.  The Debtor's failure to timely file the monthly operating reports has deprived the Court, the United States Trustee and creditors of the ability to adequately monitor this case.  The Debtor's

unexcused failure to timely file the operating report constitutes cause for the dismissal or conversion of the Debtor's case. See 11 U.S.C. § 1112(b)(4)(F).

### 4. The Debtor Has Failed to Pay Quarterly Fees to the United States Trustee.

By statute, the Debtor is required to pay a quarterly fee to the United States Trustee for each quarter until entry of a final decree, conversion or dismissal. 28 U.S.C. § 1930(a)(6). United States Trustee quarterly fees must be paid when due. Id. Section 1112(b)(4)(K) provides that nonpayment of any fees charged under chapter 123 of title 28 is cause to convert or dismiss a chapter 11 case. The fees assessed pursuant to 28 U.S.C. § 1930(a)(6) fall within the category of fees levied under chapter 123 of title 28. In re Tornheim, 181 B.R. 161 (Bankr. S.D.N.Y. 1995). The Debtor's failure to meet its financial obligations by the payment of quarterly fees is a basis for the dismissal of this case, pursuant to 11 U.S.C. § 1112(b). Id., 181 B.R. at 161 (failure to pay quarterly fees, without more, provides cause to dismiss or convert case); see also In re Hi-Toc Development Corp., 159 B.R. 691 (S.D.N.Y. 1993). The Debtor is currently delinquent on the payment of quarterly fees to the Office of the United States Trustee in the estimated amount of $1,960.83. 11 U.S.C. § 1930; Wolf Decl., ¶ 16. Cause, therefore, exists to dismiss this case under section 1112(b)(4)(K).

### B. There are No Unusual Circumstances Establishing that Conversion or Dismissal is not in the Best Interests of Creditors and the Estate.

Under section 1112(b)(2), after the movant shows cause, the burden shifts to the debtor and other parties in interest to show that there are "unusual circumstances establishing that conversion or dismissal is not in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(2); see also In re Gateway Access Solutions, Inc., 374 B.R. 556, 561 (Bankr. M.D. Pa. 2007) (after the movant shows cause, the burden shifts to the debtor to prove that there are unusual circumstances under section 1112(b)(2)).

Section 1112(b)(2) provides that:

(2) The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that --

>  (A) there is a reasonable likelihood that a plan will be confirmed within the time frames established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and

>  (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)--

>>  (i) for which there exists a reasonable justification for the act or omission; and

>>  (ii) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(2).

There are no unusual circumstances in this case that would establish that dismissal is not in the best interests of the creditors and the estate. There is also no likelihood of plan confirmation within a reasonable time.

**C.    Dismissal is in the Best Interests of Creditors and the Estate**.

Under 11 U.S.C. § 1112(b), the Court, in its discretion, must determine whether dismissal or conversion is in "the best interest of creditors and the estate." 11 U.S.C. § 1112(b)(1). See also In re Gonic Realty Trust, 909 F.2d 624, 626-27 (1st Cir. 1990) (court has broad discretion to convert or dismiss a chapter 11 case). The Debtor does not appear to have any unencumbered assets to be liquidated or any unsecured creditors to benefit from such liquidation, and the Debtor's secured creditors will be able to exercise their state law remedies against the Debtor outside of bankruptcy. The Court should, therefore, dismiss this case.

## IV. NOTICE

The United States Trustee will serve the Notice of Motion, Declaration and this Memorandum of Law upon the Debtor and any parties who have filed Notices of Appearance in the case. Notice of the Motion will be sent to all creditors through the Bankruptcy Noticing Center. The United States Trustee respectfully requests that this be deemed good and sufficient notice of the motion and the hearing scheduled herein, and that no other further notice is necessary or required.

## V. CONCLUSION

Based on the foregoing, the United States Trustee respectfully requests that the Court enter an order granting this motion and dismissing this chapter 11 case or, in the alternative, converting the Debtor's chapter 11 case to one under chapter 7, and granting such other and further relief as is just and proper.

Dated: Ovid, New York
     April 29, 2020

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2

By: */s/ Rachel B. Wolf*
Rachel B. Wolf
Trial Attorney
201 Varick Street, Suite 1006
New York, New York 10014
Tel. No. (212) 510-0500
Fax No. (212) 668-2255